Filed 1/9/26  P. v. Avila CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JORGE AVILA,<br><br>Defendant and Appellant. | B340656<br><br>(Los Angeles County<br>Super. Ct. No. PA074535) |

APPEAL from an order of the Superior Court of Los Angeles County, Michael Terrell, Judge.  Affirmed.

Susan Maxwell, under the appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney, Noah P. Hill, Supervising Deputy Attorney General and Deepti Vaadyala, Deputy Attorney General, for Plaintiff and Respondent.

Defendant and appellant Jorge Avila appeals the trial court's order reimposing an upper term prison sentence at a resentencing hearing conducted pursuant to Penal Code section 1172.75.  He argues, by reimposing the original upper term sentence on one count of carjacking (Pen. Code, § 215, subd. (a)),[1] the trial court violated his Sixth Amendment right to a jury trial because aggravating factors were not stipulated to by the defense nor did a trier of fact find they existed beyond a reasonable doubt.  We hold the plain language of the statute does not require such a finding and affirm the judgment.

## BACKGROUND[2]

Following a 2013 jury trial, defendant was convicted of two counts of carjacking (§ 215, subd. (a); counts 1 and 2).  The trial court subsequently found defendant had a prior conviction that qualified as both a "strike,"  (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)) and a serious felony (§ 667, subd. (a)), and he served eight prior prison terms  (§ 667.5, subd. (b)).

On June 19, 2013, defendant was sentenced to 27 years and four months in state prison.  The term was comprised of:  the upper term of nine years on count 1, doubled pursuant to the Three Strikes law; a consecutive one-third of the middle term,

---

[1]     Further statutory references are to the Penal Code.

[2]     Because our holding turns on the inapplicability of a statutory provision, the details of the underlying charges are omitted.  In short, defendant confronted three individuals in a 7-Eleven parking lot.  His requests for money from the three patrons were refused.  Defendant then struck two of the victims numerous times with his fist and stole the vehicle they had parked at the convenience store.

also doubled due to the prior strike (for a total of 40 months) on count 2; five years for the prior serious felony conviction; and one year for one of the eight prior prison term enhancements.[3] The remaining prison term enhancements were dismissed pursuant to section 1385.

Based on the amendment to section 667.5, subdivision (b), defendant filed a July 24, 2024 motion for resentencing pursuant to section 1172.75. In his written motion, defendant requested the trial court dismiss all enhancements. At the hearing, he supplemented his request by asking the court to reconsider the upper term sentence. The trial court struck one year of time that was imposed for serving a prior prison term and five years for the serious felony enhancement. In all other respects the sentence remained the same, including imposition of the high term on count 1.

## DISCUSSION

### *The Trial Court's Application of the Statutory Scheme*

Effective January 1, 2022, the Legislature added section 1172.75 (Stats. 2021, ch. 728, § 3), which renders "legally invalid" any prior prison term enhancement imposed under subdivision

---

[3] "Prior to January 1, 2020, section 667.5, subdivision (b) required trial courts to impose a one-year sentence enhancement for each true finding on an allegation the defendant had served a separate prior prison term and had not remained free of custody for at least five years. (Former § 667.5, subd. (b).) Effective January 1, 2020, [the Legislature] amended section 667.5 by limiting the prior prison term enhancement to only prior terms for sexually violent offenses. [Citations.]" (*People v. Burgess* (2022) 86 Cal.App.5th 375, 379–380) The information did not allege any of defendant's prior convictions were for sexually violent offenses.

(b) of section 667.5 before January 1, 2020, except for those involving a sexually violent offense. (§ 1172.75, subd. (a).) If a judgment includes such an enhancement, the court shall recall the sentence and resentence the defendant. (§ 1172.75, subd. (c).) At the resentencing, the trial court "shall . . . apply any other changes in the law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (§ 1172.75, subd. (d)(2).)

When defendant was sentenced in 2013, the trial court was given the discretion to select a low, middle, or high term prescribed by statute based on its balancing of aggravating and/or mitigating factors. (§ 1170, former subd. (b); Stats. 1977, ch. 165, § 15, p. 647) Effective January 1, 2022, the Legislature amended section 1170, subdivision (b), to make the middle term presumptive and to allow the imposition of the upper term only "when there are circumstances in aggravation of the crime," and the facts underlying those circumstances "have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (§ 1170, subd. (b)(2); Stats. 2021, ch. 731, § 1.3.) That same year, the Legislature implemented a similar rule with respect to resentencing:

> Unless the court originally imposed the upper term, the court may not impose a sentence exceeding the middle term unless there are circumstances in aggravation that justify the imposition of a term of imprisonment exceeding the middle term, and those facts have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial.

(§ 1172.75, subd. (d)(4).)

4

In assessing the high term on count 1, the trial court initially acknowledged that "because the original term . . . was the upper term, [the] restriction on aggravating factors either being agreed to by the defense or found by the jury doesn't apply under [section] 1172.75 . . .." But in its ultimate ruling, the trial court seemed to take a different approach to the upper term: "[T]he court's analysis of this overall record leads the court to conclude . . . that the aggravating factors are sufficient to leave the high term in place. [¶] As I read from the statute, the fact that the law has changed now, it needed a jury finding or a stipulation as to aggravating factors, that does not mean that the high term is off the table. The high term can still remain if the circumstances were there, and I'm finding they were there." We review the trial court's ruling, not its rationale. (*People v. Zapien* (1993) 4 Cal.4th 929, 976; *Belair v. Riverside County Flood Control Dist.* (1988) 47 Cal.3d 550, 558.)

***Statutory Analysis***

Issues of statutory interpretation are reviewed de novo (*People v. Partee* (2020) 8 Cal.5th 860, 867) and begin with an examination of the text (*People v. Superior Court* (*Guevara*) (2025) 18 Cal.5th 838, 856). "If the language of the statute is not ambiguous, the plain meaning controls and resort to extrinsic sources to determine the Legislature's intent is unnecessary." (*Kavanaugh v. West Sonoma County Union High School Dist.* (2003) 29 Cal.4th 911, 919; see also *People v. Walker* (2002) 29 Cal.4th 577, 581.) "Although courts may disregard literal interpretation of a statute . . . [citation], they should do so rarely, and only in 'extreme cases'—those in which, as a matter of law, the Legislature did not intend the statute to have its literal effect

. . . ." (*Gorham Co., Inc. v. First Financial Ins. Co.* (2006) 139 Cal.App.4th 1532, 1543–1544.)

"[A] proviso or clause beginning with the word 'unless' means an exception or condition subsequent rather than a condition precedent." (*Baggett v. Housing Authority* (1987) 195 Cal.App.3d 383, 389.) Thus, because section 1172.75, subdivision (d)(4) begins with the word "unless," the provision can easily be broken down into two components, a requirement and an exception. To impose a sentence exceeding the midterm, it is required that there was a stipulation to aggravating circumstances, or a factfinder must have found aggravating circumstances true beyond a reasonable doubt. This requirement, however, is not applicable where, as here, the court originally imposed the upper term. There is no ambiguity. (*People v. Brannon-Thompson* (2024) 104 Cal.App.5th 455, 466–467 (*Brannon-Thompson*) [plain meaning of § 1172.75, subd. (b) is that its requirements apply only if a trial court is imposing an upper term for the first time]; accord, *People v. Dozier* (2025) 116 Cal.App.5th 700, 712–713.)

Defendant contends the plain meaning of the statute should not be followed because to do so would violate defendant's Sixth Amendment right to a jury trial. He suggests we disregard *Brannon-Thompson* and apply *People v. Gonzalez* (2024) 107 Cal.App.5th 312 (*Gonzalez*)—a case that disagreed with *Brannon-Thompson* on the ground that the Sixth Amendment demands the burden of proof requirements apply even if the upper term was imposed on the original sentence. (*Id.* at pp. 328–332.)[4] In our view, *Brannon-Thompson* offers the better approach.

---

[4] In its effort to save section 1172.75, subdivision (d)(4) from what it perceived to be constitutional infirmity, *Gonzalez*

Aside from the importance of adhering to the plain meaning of the statute, *Gonzalez* did not address the principle that the Sixth Amendment requires "any fact that exposes a defendant to *a greater potential sentence* must be found by a jury, not a judge, and established beyond a reasonable doubt." (*Cunningham v. California* (2007) 549 U.S. 270, 281, italics added.) Section 1172.75 is an ameliorative statute that precludes the imposition of any greater sentence and only permits resentencing courts to reduce the original sentence or leave it intact. (§ 1172.75, subd. (d)(1).) In other words, the provision does not contemplate improper factfinding to impose a sentence that is greater than the original sentence.[5]

interpreted the first sentence of the provision as "restrict[ing] the scope of defendants eligible to receive the upper term at resentencing . . . ." (*Id.* at pp. 329–330.)

[5] The issue of whether section 1172.75, subdivision (d)(4) allows the trial court to reimpose an upper term sentence when circumstances in aggravation were neither stipulated to nor found true beyond a reasonable doubt is pending before the Supreme Court in *People v. Eaton* (Mar. 14, 2025, C096853) [nonpub. opn.], review granted May 14, 2025, S289903.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


KUMAR, J.*

We Concur:


HOFFSTADT, P. J.


KIM (D.), J.

---

* Retired Judge of the Superior Court of Los Angeles County, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.